**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

THEODORE ROSS,

        Plaintiff,

vs.                                                           Case No. 6:12-cv-1195-Orl-37KRS

VOLUSIA COUNTY,

        Defendant.

**ORDER**

This cause is before the Court on the following:

1. Complaint and Demand for Jury Trial (Doc. 1), filed August 2, 2012;

2. Motion for Partial Judgment on the Pleadings (Doc. 23), filed February 8, 2013;

3. Plaintiff's Response in Opposition to Defendant's Motion for Judgment on the Pleadings and Motion for Leave to File Amended Complaint with Supporting Memorandum of Law (Doc. 29), filed March 5, 2013; and

4. Defendant Volusia County's Amended Response in Opposition to Plaintiff's Motion to Amend the Complaint with Supporting Memorandum of Law (Doc. 31), filed March 19, 2013.

Upon consideration, the Court hereby grants Plaintiff's motion for leave to amend and therefore denies Defendant's motion, for the reasons set forth below.

**BACKGROUND**

Plaintiff is a deaf and vision-impaired individual and a resident of Defendant Volusia County. (Doc. 1, ¶ 4.) He alleges that in November 2011, he attempted to use

the County's Human Services department to "acquire a voucher for dental services." (*Id.* ¶ 20.) He claims that he was discriminated against on the basis of his disability during that visit. (*Id.* ¶ 26.) Plaintiff also alleges that in December 2011, he was arrested and incarcerated in the County's jail until February 2012. (*Id.* ¶ 6.) He claims that he was discriminated against on the basis of his disability during his incarceration. (*Id.* ¶ 19.)

Plaintiff filed the Complaint in August 2012, bringing Americans with Disabilities Act (ADA) and Rehabilitation Act claims against the County. (*Id.* ¶¶ 27–41.) The County answered the Complaint (Doc. 21), and the case proceeded to discovery. The November 2012 deadline for motions to amend pleadings (Doc. 18, p. 1) passed without incident. Discovery is ongoing and closes in September 2013. (*Id.*)

The County moved for partial judgment on the pleadings in February 2013, arguing that Plaintiff failed to allege a threat of future injury such that he would have standing to bring the claims for injunctive relief. (Doc. 23.) Plaintiff responded, conceding that the Complaint contained pleading deficiencies and seeking leave to file an amended complaint[1] to remedy them. (Doc. 29, p. 6.) The County opposed, arguing that Plaintiff has not demonstrated good cause for reopening the pleadings. (Doc. 31, pp. 5–8.) This matter is now ripe for the Court's adjudication.

## STANDARDS

"[W]hen a motion to amend is filed after a scheduling order deadline, [Federal] Rule [of Civil Procedure] 16 is the proper guide for determining whether a party's delay may be excused." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998). Rule 16 provides that a scheduling order may be modified "only for good cause." Fed.

---

[1] Plaintiff attached his proposed First Amended Complaint to his response and motion. (Doc. 29-1.)

R. Civ. P. 16(b)(4). The good cause inquiry is focused on the movant's reasons for the delay: "If th[e] [moving] party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also Sosa*, 133 F.3d at 1418 (relying on *Johnson*).

Federal Rule of Civil Procedure 15(a) provides that the Court should "freely give leave [to amend] when justice so requires." However, the Court can only consider Rule 15 once the movant has established good cause under Rule 16. *See Sosa*, 133 F.3d at 1419.

**DISCUSSION**

Rule 16 and its accompanying diligence standard govern the instant motion for leave to amend. On that note, the Court reminds Plaintiff that Defendant is under no obligation to file an early motion to dismiss in order to notify Plaintiff of pleading deficiencies. The absence of such a motion certainly does not absolve Plaintiff of his responsibility to correctly plead facts to support his claims or to timely identify deficiencies in his Complaint. On the other hand, identifying such a jurisdictional deficiency, lying in wait until the deadline has passed, and then filing a motion to catch one's opponent unawares with the time deadline for amendment down river hardly seems like a course of conduct that should be rewarded.

Ultimately, in view of the fact that Plaintiff has not previously amended his Complaint, the communication difficulties faced because of Plaintiff's disabilities, and the potential injustice to Plaintiff of denying an amendment as compared to the relative lack of substantial injury to Defendant in granting it, the Court finds that there is good cause to grant Plaintiff leave to amend his Complaint. To avoid any potential prejudice to Defendant, the Court also grants Defendant leave to re-depose any witness for

limited additional inquiry in light of the new allegations in the First Amended Complaint. No other existing deadlines will be altered at this time.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Response in Opposition to Defendant's Motion for Judgment on the Pleadings and Motion for Leave to File Amended Complaint with Supporting Memorandum of Law (Doc. 29) is **GRANTED**.

2. Motion for Partial Judgment on the Pleadings (Doc. 23) is **DENIED AS MOOT**.

3. The Clerk is **DIRECTED** to enter the proposed First Amended Complaint (Doc. 29-1) as a separate docket entry.

4. Defendant may answer or otherwise respond to the First Amended Complaint on or before Monday, **April 8, 2013**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 21, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record